**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:08CV-71-H**

**DONNA CRAWFORD**                                                                               **PLAINTIFF**

**v.**

**CHILD PROTECTIVE SERVICES** *et al.*                                **DEFENDANTS**

**MEMORANDUM OPINION**

Plaintiff Donna Crawford filed a *pro se* complaint against Child Protective Services ("CPS"), Midwest Church, Jerry Stephenson, Michelle Lopew, John Storm, Jackie Dunn, Tracia Mack, Bill Cowghill, and Mr. Birdwhistle.[1] This matter is before the Court on preliminary review of the complaint pursuant to 28 U.S.C. § 1915(e) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons that follow, the instant action will be dismissed.

**I. SUMMARY OF CLAIMS**

Plaintiff used a court-supplied general complaint form to initiate this lawsuit. Under the section of the form directing Plaintiff to state the grounds for filing her case in federal court (including any federal statutes and/or U.S. Constitutional provisions), Plaintiff states: "My daughter has been discriminated against and my grandchild. The grounds are discrimination, violation of my family IV, V, VI, VIII, XIV [illegible] 1 of my constitutional rights for fraud, kidnapping, misrepresentation of the law." Plaintiff explains the basis of her suit as follows:

> These people continue to come to my house and say that my daughter was abuse and neglected, but that same week they said that they were unstantated [sic] but they still did not give Erica back.

---

[1]The complaint is handwritten, and not all of the defendants' names are legible.

> They placed my daughter with my sister that has on record substainted [sic] child abuse and neglect charges.
>
> Also her own child was takin [sic] away for 1 year & half (1½ years).
>
> I was not served about the hearings and put on proper notice.
>
> For over a year they have been falsifying records and statements to Family Court and Judge Haynie courtroom.
>
> My child was taken from a stable envirment [sic] and house and sent to substandard house with overcrowding. I have not had proper legal representation. False reports and anynomous [sic] reports and calls were taken from cowards who refuse to show their faces.
>
> The reports have been falsified by cabinet workers and court appointed workers, GALs, lied under oath about my child case.

In her prayer for relief, Plaintiff demands that her child and grandchild be returned, monetary damages for pain and suffering and lost personal property, that CPS "let me see my child," and "that my sister Barbara [last name illegible] quit calling my house saying that Erica is not there."

## II.  STANDARD OF REVIEW

Because Plaintiff is proceeding *in forma pauperis*, this Court must review the instant action. 28 U.S.C. § 1915(e); *McGore*, 114 F.3d at 604-05. Upon review, this Court must dismiss a case at any time if the court determines that an action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "[f]actual allegations must be enough to raise a right to relief above the speculative level

on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citations omitted; alteration in *Twombly*). In reviewing a complaint under this standard, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall*, 454 U.S. 364 (1982) (per curiam), a plaintiff is required to plead more than bare legal conclusions. *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir.1996); *see also Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir.1987). Therefore, the complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory. *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988).

The Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519 (1972). The duty to be less stringent with *pro se* complaints, however, "'does not require a court to conjure allegations on a litigant's behalf,'" *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) (quoting *Erwin v. Edwards*, 22 Fed. Appx. 579, 580 (6th Cir. 2001)), and the Court is not required to create a claim for the *pro se* plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the "courts to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most

successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.  ANALYSIS

**A.      42 U.S.C. § 1983**

    **1.      Child Protective Services**

Although not so specified by Plaintiff, because she alleges claims of discrimination and constitutional violations against CPS and its employees, the Court construes this action as being brought under 42 U.S.C. § 1983.  *Thomas v. Shipka*, 818 F.2d 496, 500 (6th Cir. 1987), *vacated and remanded on other grounds*, 488 U.S. 1036 (1989) ("[I]t is unnecessary and needlessly redundant to imply a cause of action arising directly under the Constitution where Congress has already provided a statutory remedy of equal effectiveness through which the plaintiff could have vindicated her constitutional rights.").

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere.  As such, it has two basic requirements:  (1) the deprivation of federal statutory or constitutional rights by (2) a person acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988); *Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001).  Absent either element, no § 1983 claim exists.  *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

In the instant case, CPS is not a "person" acting under color of state law for § 1983 purposes.  *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).  Plaintiff, therefore, fails to state a claim for relief against CPS.  Additionally, a state agency may not be sued in federal court, regardless of the relief sought, unless the state has waived its sovereign immunity

under the Eleventh Amendment[2] or Congress has overridden it.  *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984).  In enacting § l983, Congress did not intend to override the traditional sovereign immunity of the states.  *Whittington v. Milby*, 928 F.2d l88 (6th Cir. 1991).  Therefore, the claim against CPS is also barred by the Eleventh Amendment.  *See Robinson v. Child Protective Servs.*, No. 3:07CV-39-R, 2007 WL 1959170, at *2 (W.D. Ky. June 29, 2007).

   2.   **Remaining defendants**

Plaintiff additionally sues Midwest Church, Jerry Stephenson, Michelle Lopew, John Storm, Jackie Dunn, Tracia Mack, Bill Cowghill, and Mr. Birdwhistle.  However, other than identifying those individuals as Defendants, Plaintiff wholly fails to mention them anywhere else in the complaint.  While the Court is aware of its duty to construe *pro se* complaints liberally, Plaintiff is not absolved of her duty to comply with the Federal Rules of Civil Procedure by providing Defendants with "fair notice of the basis for [her] claims."  *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002).  To state a claim for relief, Plaintiff must show how each Defendant is accountable because the Defendant was personally involved in the acts about which she complains.  *See Rizzo v. Goode*, 423 U.S. 362, 375-76 (1976).  Because Plaintiff has not alleged any facts involving the remaining Defendants, the complaint fails to state any claims for relief against them.

---

[2]The Eleventh Amendment to the United States Constitution states, "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."

**B.**     **State-law claims**

To the extent that Plaintiff is seeking to pursue any state-law claims against any of the Defendants, the Court declines to exercise supplemental jurisdiction over those claims. Section 1367(c) of Title 28 of the United States Code provides, in pertinent part, as follows: "The district courts may decline to exercise supplemental jurisdiction over a claim . . if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Having dismissed all federal claims over which the Court has original jurisdiction, the Court declines to exercise supplemental jurisdiction over any remaining state-law claim that Plaintiff may be attempting to bring. § 1367(c)(3). Consequently, the state-law claims will be dismissed without prejudice.

The Court will enter an Order consistent with this Memorandum Opinion.

Date:

cc:     Plaintiff Crawford, *pro se*
4412.010